## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

JIMMY DALE PALMER, *et al.*         )
                                         )
                **Plaintiffs,**     )
   v.                                     )
                                         )
                                       )
ASARCO INCORPORATED, *et al.*,   )
                                       )     **Case No. 03-CV-0498-CVE-PJC**
               **Defendants.**     )
_____)
                                       )
THE DOE RUN RESOURCES       )
CORPORATION,                 )
                                       )     <u>Cases Consolidated</u>
        **Third-Party Plaintiff,**   )     **03-CV-565-CVE-PJC - Moss**
  v.                                    )     **03-CV-566-CVE-PJC - South**
                                       )     **03-CV-567-CVE-PJC - Sargent**
UNITED STATES OF AMERICA, et al.,  )     **03-CV-569-CVE-PJC - Nowlin**
                                       )
       **Third Party Defendants.**   )

## OPINION AND ORDER

Now before the Court is the Motion of Defendants Blue Tee Corp. and Gold Fields Mining LLC for Judgment on the Pleadings on Plaintiffs' Punitive Damage Claims and Brief in Support Thereof (Dkt. # 502).  Defendants Blue Tee Corp. ("Blue Tee") and Gold Fields Mining LLC[1] ("Gold Fields") have moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on plaintiffs' claim for punitive damages.  They argue that, under <u>Phillip Morris USA v. Williams</u>, 127

---

[1]     On the docket sheet, this defendant is listed as Gold Fields Mining Corporation, not Gold Fields Mining LLC.  Defendant should advise the Court on its proper legal name so the Court can correct its docket sheet, if necessary.

S. Ct. 1057 (2007),[2] Oklahoma's punitive damages statute, Okla. Stat. tit. 23, § 9.1, is facially

unconstitutional.

This motion is premature.  In Phillip Morris, the Supreme Court strongly suggested that state

legislatures should be given a chance to amend their punitive damages statutes before courts

considered the constitutionality of state punitive damages statutes.  Phillip Morris, 127 S. Ct. at 1065

("Although the States have some flexibility to determine what *kind* of procedures they will

implement, federal constitutional law obligates them to provide *some* form of protection in

appropriate cases.").  Defendants explicitly state that the Court should defer to the legislature before

permitting plaintiffs to proceed with their claim for punitive damages, as they conclude their motion

by noting:

> The Oklahoma punitive damages statute became unconstitutional the moment
> *Williams* was handed down.  The Oklahoma Legislature has articulated that the
> State's interest is to establish inflexible standards that a jury must consider when
> deciding whether to award punitive damages. . . .  And the interests of the State in
> reacting to this development must continue to be articulated by the Legislature.  As
> Constitutional rights evolve, so does a state's perception of the interests of its
> citizens.  Who knows what the Legislature will do when it recognizes that there is
> currently no constitutionally valid procedure for punitive damages in civil cases?
> Whatever the ultimate outcome, it would be an odd result for this Court to be the one
> to answer the questions first.

---

[2]     Defendants have attached a copy of Phillip Morris to their motion.  However, it is not
necessary for defendants to include a copy of this case with every motion on the issue of
punitive damages.  The Court was well aware of this opinion on the day it was decided and,
at this point, defendants are cluttering the Court's CM-ECF system by attaching the case as
an exhibit.  Aside from the fact that the Court has Westlaw and would read Supreme Court
decisions before issuing an opinion on federal constitutional law, Phillip Morris has been
published in the Supreme Court Reporter and copies are available to the general public.

Dkt. # 502, at 8.  As defendants have so eloquently articulated, the Court should defer to the Oklahoma Legislature before ruling on the constitutionality of Oklahoma's punitive damages procedures.

This case is not set for trial until August 27, 2007 and, even if the Court were to conclude that section 9.1 is unconstitutional, there is not an immediate risk that punitive damages will be imposed against defendant under an unconstitutional procedure.  Phillip Morris was decided on February 20, 2007, and the Oklahoma Legislature has not had sufficient time to address section 9.1 in light of this decision.  Therefore, defendants' motion will be denied at this time, without prejudice to their right to file a  motion on this issue if the Legislature has not amended section 9.1 before trial. Defendants may file a motion on this issue on July 20, 2007, if the Oklahoma Legislature has taken no action concerning section 9.1, and the Court will review the constitutionality of the statute at that time.  At this time, defendants' motion is premature and is denied without prejudice to refiling.

**IT IS THEREFORE ORDERED** that the Motion of Defendants Blue Tee Corp. and Gold Fields Mining LLC for Judgment on the Pleadings on Plaintiffs' Punitive Damage Claims and Brief in Support Thereof (Dkt. # 502) is **denied**, without prejudice to refiling on July 20, 2007, if Okla. Stat. tit. 23, § 9.1 has not been amended in light of the Supreme Court's ruling in Phillip Morris.

**DATED** this 27th day of February, 2007.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT