**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **JIMMY DALE PALMER, et al.,** ) | |
| ) | **Case No: 03-CV-0498-CVE-PJC** |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | |
| ) | **Consolidated with:** |
| **ASARCO INCORPORATED, et al.** ) | |
| ) | **Case No: 03-CV-0565-CVE-PJC** |
| ) | **Case No: 03-CV-0566-CVE-PJC** |
| **Defendants/Third-party Plaintiffs,** ) | **Case No: 03-CV-0567-CVE-PJC** |
| ) | **Case No: 03-CV-0569-CVE-PJC** |
| ) | |
| v. ) | |
| ) | |
| **UNITED STATES OF AMERICA, et al.** ) | |
| ) | |
| ) | |
| **Third-Party Defendants.** ) | |

## OPINION AND ORDER

Now before the Court are the Opposed Motion of Defendants The Doe Run Resources Corporation, Blue Tee Corp. and Gold Fields Mining, LLC, for Leave to File Joint Summary Judgment Motion on Medical Causation and Separate Summary Judgment Motions on other Issues, and to Exceed Local Rule Page Limitations (Dkt. # 517), Plaintiffs' Motion for Telephonic Hearing (Dkt. #525), and plaintiffs' motion for an extension of time to respond to defendants' motions for summary judgment (Dkt. # 541).[1]

Defendants request permission to file a joint motion for summary judgment on the issue of medical causation. Each defendant also requests leave of court to file a separate motion for

---

[1] In plaintiffs' response to defendants' motion (Dkt. # 523), they included a request to extend the response deadlines to defendants' motions for summary judgment. This request has been docketed as a separate motion (Dkt. # 541).

summary judgment and exceed the 25 page limitation established by LCvR 7.2(c). Plaintiffs have filed a response in opposition to defendants' motion to file a joint motion for summary judgment on medical causation and also assert that defendants have not stated a specific need to exceed the page limitation established by local rule. If the Court grants defendants' motion, plaintiffs request 45 days to file responses to the motions for summary judgment.

Plaintiffs object to defendants' proposed procedure concerning the number of summary judgment motions. They state that "[a]side from their collective motion for summary judgment concerning medical causation, Defendants have not expressed whether they intend that their remaining briefs will be duplicative of one another or raise solely unrelated and particularized issues." Dkt. # 523, at 2. Defendants have shown that they have a common interest sufficient for filing a joint motion for summary judgment solely on medical causation, separate and apart from any defenses unique to each defendant. Each defendant also intends to file a separate motion for summary judgment addressing whether it can be held liable as a successor entity and whether there is any legal and factual basis for plaintiffs' punitive damages claim against it. These issues will vary based on each defendant's individual history in the Tar Creek region and, although there is some possibility of overlap between defendants' motions, the defendants are separate legal entities that are entitled to file their own dispositive motions. Therefore, defendants should be given an opportunity to file individual motions for summary judgment, as well as a joint motion for summary judgment on medical causation.

Plaintiffs argue that defendants have not stated a specific reason for exceeding the page limitation set by local rule, and that defendants have not identified the legal issues that require additional pages. Local Rule 7.2(c) states that "[m]otions for leave to file a brief in excess of

twenty-five (25) pages typewritten pages shall state the requested number of pages and shall be filed no later than 1 day prior to the date the brief is due." LCvR 7.2(c). Plaintiffs are attempting to impose an additional requirement that is not required by the local rule, and it is clear that defendants have complied with the procedural requirements for requesting leave of court to file a motion in excess of 25 pages. Defendants' motions for summary judgment were not due until May 18, 2007, and their motion to exceed page limitation was filed on May 11, 2007. Each defendant also requested leave of court to file a 50 page motion for summary judgment. This satisfies the two procedural requirement set forth in Rule 7.2(c): (1) defendants stated the requested number of pages for their motions for summary judgment; and (2) defendants' motion to exceed page limitation was filed more than 1 day before the dispositive motion deadline. Plaintiffs have not stated a valid objection, and defendants' motion to exceed the page limitation should be granted.

Based on the Court's decision to grant defendants' motion (Dkt. # 517) in its entirety, the Court will consider plaintiffs' motion for an extension of time to respond to defendants' summary judgment motions (Dkt. # 541). If the Court were to grant plaintiffs' request to extend the response deadline to 45 days from the date defendants' motions were filed, plaintiffs' responses to motions for summary judgment would not be due until July 2, 2007, and such a lengthy extension of time would likely affect the August 27, 2007 trial setting. However, given the number of motions filed by defendants, some extension of time is warranted.[2] To provide plaintiffs additional time to respond and keep the current trial setting, the Court will extend plaintiffs' time to respond to defendants' motion for summary judgment to 30 days from the date defendants' motions were filed,

---

[2]   Defendants have filed 5 motions to exclude plaintiffs' expert witnesses and a total of 3 motions for summary judgment.

or June 18, 2007.[3]  The Court sees no reason for a telephonic hearing; thus the motion for hearing (Dkt. # 525) is moot.

**IT IS THEREFORE ORDERED** that the Opposed Motion of Defendants The Doe Run Resources Corporation, Blue Tee Corp. and Gold Fields Mining, LLC, for Leave to File Joint Summary Judgment Motion on Medical Causation and Separate Summary Judgment Motions on other Issues, and to Exceed Local Rule Page Limitations (Dkt. # 517) is **granted**.  Plaintiffs' Motion for Telephonic Hearing (Dkt. # 525) is **moot**.  Plaintiffs' motion for an extension of time to respond to defendants' motions for summary judgment (Dkt. # 541) is **granted in part** and **denied in part**. Plaintiffs' responses to defendants' motions for summary judgment will be due no later that **June 18, 2007**; replies shall be due by **July 2, 2007.**

**DATED** this 29th day of May, 2007.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3]  If this deadline places too much of a hardship on plaintiffs, they can move for an amended scheduling order.