IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JIMMY DALE PALMER, et al.,** | ) | |
| | ) | |
| | ) | **Case No: 03-CV-0498-CVE-PJC** |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **Consolidated with:** |
| **ASARCO INCORPORATED, et al.** | ) | |
| | ) | **Case No: 03-CV-0565-CVE-PJC** |
| | ) | **Case No: 03-CV-0566-CVE-PJC** |
| **Defendants/Third-party Plaintiffs,** | ) | **Case No: 03-CV-0567-CVE-PJC** |
| | ) | **Case No: 03-CV-0569-CVE-PJC** |
| | ) | |
| v. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA, et al.** | ) | |
| | ) | |
| | ) | |
| **Third-Party Defendants.** | ) | |

## OPINION AND ORDER

Now before the Court is Defendants' Motion to Strike New Affidavits of Drs. Wayne Snodgrass and Kirk Brown and Brief in Support Thereof (Dkt. # 626).[1] At this time, the Court will also consider whether Kirk Brown, Ph.D. may rely on his rebuttal report from Cole v. Asarco, Inc., 03-CV-327-GFK-PJC (N.D. Okla.), in this case.

**I.**

Dr. Brown's involvement in the present litigation has been an ongoing source of contention between the parties, and some background is necessary to understand the issues currently before the

---

[1]  At the Daubert hearing on July 30, 2007, plaintiffs agreed to withdraw the new affidavit of Dr. Snodgrass, dated June 13, 2007, and defendants' motion is granted to the extent that it challenged Dr. Snodgrass' new affidavit. The remaining issue is whether plaintiffs will be permitted to use Dr. Brown's new affidavit, dated June 14, 2007.

Court concerning Dr. Brown's proposed expert testimony. Before filing this case, plaintiffs' counsel filed a pututive class action styled Cole v. Asarco, Inc., 03-CV-327-GFK-PJC (N.D. Okla.). In Cole, plaintiffs retained three experts: Bruce Lanphear, Ph.D., Robert Simons, M.D., and Dr. Brown. Dr. Brown was hired as an expert on environmental fate and transport and, on April 12, 2004, he submitted an expert report in support of the Cole plaintiffs' motion for class certification. After defendants served their expert disclosures in Cole, Dr. Brown prepared a rebuttal report which was served on defendants on October 29, 2004. The reports were timely under the deadline for expert disclosures in Cole. Defendants' environmental fate and transport experts, Gale Hoffnagle and Peter J. Drivas, Ph.D., filed rebuttal reports. A hearing on class certification was scheduled for June 3, 2005 but, six days before the hearing, plaintiffs served defendants with an affidavit from Dr. Brown dated May 27, 2005. Defendants objected to plaintiffs' late submission of the affidavit, but the Court permitted plaintiffs to use the affidavit at the class certification hearing.

After Cole was already on file, plaintiffs' counsel in Cole filed this personal injury case against the same mining defendants, alleging negligence, strict liability, public nuisance and private nuisance. The Court entered an agreed scheduling order requiring plaintiffs to submit expert disclosures for medical experts by February 16, 2004 and disclosures for non-medical experts by June 1, 2004. The Court subsequently reset the deadline for plaintiffs to produce medical expert reports to April 16, 2004 and the deadline for non-medical expert reports to August 2, 2004. Plaintiffs encountered problems obtaining reports from some of their non-medical experts, and the Court entered a new scheduling order that extended the deadline for plaintiffs to produce non-medical expert reports until September 8, 2004.

Even with the extension of expert disclosure deadlines, plaintiffs neglected to submit an expert report for Dr. Brown. In December 2004, plaintiffs requested leave of court to serve Dr. Brown's original expert report from <u>Cole</u> as Dr. Brown's expert report in this case. Over defendants' objection, Judge James O. Ellison granted plaintiffs' motion, and plaintiffs' service of Dr. Brown's report was deemed timely. Dkt. # 341. Plaintiffs filed a subsequent motion to include Dr. Brown's May 27, 2005 affidavit and a supplemental table from <u>Cole</u> as part of his expert disclosures in this case. While that motion was pending, the case was transferred from Judge Ellison to the undersigned. The Court entered a new scheduling order and included deadlines for expert disclosures as part of its standard scheduling order. Based on the new scheduling order, plaintiffs' expert disclosures were not due until October 20, 2006. Magistrate Judge Paul J. Cleary granted plaintiffs' motion to use Dr. Brown's May 27, 2005 affidavit and supplemental table because, under the new scheduling order, the expert disclosures were timely. Dkt. # 432. However, the plaintiffs' motion did not specifically request permission to submit Dr. Brown's rebuttal report from <u>Cole</u> in this case, and the magistrate judge's order did not address this issue.

On May 18, 2007, defendants filed a motion in this case to exclude Dr. Brown's testimony under <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), and Fed. R. Evid. 702. Plaintiffs filed a response and, as an exhibit, plaintiffs attached a new affidavit from Dr. Brown dated June 14, 2007. Dkt. # 573, Ex. 7. This affidavit contained new opinions as to causation and site-specific modeling, purporting to show that lead from each defendants' operations reached each plaintiff. Defendants filed the pending motion to strike the June 14, 2007 affidavit on the ground that it included new expert testimony that was not properly disclosed under Fed. R. Civ. P. 26(a)(2), and they ask the Court to prevent plaintiffs from using the affidavit for any purpose. Plaintiffs do

not dispute defendants' assertions that the affidavit contains new opinions and testing, but plaintiffs argue that the late disclosure of this affidavit is harmless under Fed. R. Civ. P. 37(c)(1).

**II.**

Defendants argue that Dr. Brown's June 14, 2007 affidavit contains previously undisclosed expert opinions and testing that were not timely disclosed, and Dr. Brown's new affidavit should be excluded under Fed. R. Civ. P. 26. In his April 12, 2004 report, Dr. Brown relied on "previous modeling efforts" to support his conclusion that dust could be transported at least 400 meters from its source and, during his deposition, he confirmed that he was relying in part on David Sullivan's ISCST3 modeling.[2] Dr. Brown acknowledged that he did not perform his own modeling, but he claims that he double-checked Sullivan's results. Dr. Brown also did not determine each defendant's contribution to the lead deposited at each plaintiff's residence.

Dr. Brown's new affidavit was submitted in response to defendants' Daubert motion to exclude his testimony in this case, and plaintiffs' counsel asked him to address two topics:

(1) The relationship between the activities of the Defendants and the location of the Plaintiffs' residences, and

(2) The contribution from each of the Defendants to the lead deposited at each of the Plaintiffs' residence locations via air dispersion.

Dkt. # 626, Ex. A, at 1. These topics were not addressed in his original report, rebuttal report, or May 27, 2005 affidavit. In addition, Dr. Brown conducted new air modeling that was not previously disclosed to defendants. Defendants assert that, if Dr. Brown is permitted to testify about the contents of his June 14, 2007 affidavit, defendants will need to time to redepose Dr. Brown, obtain

---

[2] Sullivan's modeling was excluded by the undersigned as unreliable in Holder v. Gold Fields Mining Corporation, 04-CV-564-CVE-PJC. See Holder, Dkt. # 751.

4

rebuttal opinions from their experts, and file a new Daubert motion to exclude Dr. Brown's testimony. They believe this will require the Court to delay trial by at least six months. Plaintiffs assert that the late disclosure of Dr. Brown's affidavit is harmless, and the new expert opinions should be permitted out of fairness to plaintiffs.

The Federal Rules of Civil Procedure require an expert witness to prepare a report "containing a complete statement of all opinions to be expressed." Fed. R. Civ. P. 26(a)(2)(B). A party's failure to disclose the identity of an expert witness or provide an expert report requires the court to automatically exclude expert testimony unless the violation of Rule 26(a)(2) was justified or was harmless under the circumstances. Fed. R. Civ. P. 37(c)(1); Woodworker's Supply, Inc., v. Principal Mut. Life Ins. Co., 170 F.3d 985, 992-93 (10th Cir. 1999). Under Rule 26(a)(2), courts may exclude specific opinions or bases for the expert's opinions that were not fairly disclosed in the expert's report. Keach v. United States Trust Co., 419 F.3d 626, 641 (7th Cir. 2005). The Tenth Circuit has identified four factors to determine whether a violation of Rule 26(a)(2) was harmless or justified: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. Woodworkers' Supply, Inc., 170 F.3d at 993.

The Court has reviewed Dr. Brown's new affidavit, and there is no doubt that the affidavit contains new opinions, facts, and testing that were not previously disclosed. Dr. Brown's affidavit is essentially a new expert report with new opinions, and defendants would need to depose Dr. Brown before trial to prepare a meaningful Daubert challenge or cross-examine him at trial. Dr. Brown's new affidavit presents a clear violation of Rule 26(a)(2), and the rule was designed to

prevent exactly this type of late disclosure of expert opinions. Plaintiffs suggest that the Court is partially responsible for the late disclosure of Dr. Brown's new opinions because, in Holder, the Court suggested that the causation standard articulated by Judge Sven Erik Holmes in Herd v. Asarco, Inc., 01-CV-891-SEH-PJC (N.D. Okla.), might not apply. It is not clear why plaintiffs limited the scope of Dr. Brown's expert testimony based on a causation standard decided by another judge in another case or why plaintiffs assumed which causation standard would apply. Plaintiffs do not provide substantial justification for submitting new expert testimony two months before trial or for not producing this expert testimony in a timely manner. Sanctioning of Dr. Brown's new affidavit would likely disrupt the trial date and cause significant prejudice to defendants, and plaintiffs have offered no solution to cure the prejudice to defendants from the late disclosure of Dr. Brown's new affidavit.

Plaintiffs argue that the late disclosure of Dr. Brown's new opinions and modeling is harmless for several reasons. They argue that the new affidavits are intended to supplement their Rule 26(a)(2) disclosures, because plaintiffs could not reasonably have anticipated every objection defendants would make to their experts. Under Rule 26(e), a party is under a duty to supplement "at appropriate intervals its disclosure under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional and corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . ." Although parties are permitted to supplement expert disclosures, Rule 26(e) "does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report." Leviton Mfg. Co., Inc. v. Nicor, Inc., 2007 WL 1306759

6

*4 (D.N.M. April 20, 2007) (quoting Beller v. United States, 221 F.R.D. 696, 701 (D.N.M. 2003)).

As one court has noted:

> A supplemental expert report that states additional opinions or rationales or seeks to "strengthen" or "deepen" opinions expressed in the original expert report exceeds the bounds of permissible supplementation and is subject to exclusion under Rule 37(c)(1). "To rule otherwise would create a system where preliminary [expert] reports could be followed by supplementary reports and there would be no finality to expert reports, as each side, in order to buttress its case or position, could 'supplement' existing reports and modify opinions previously given. This result would be the antithesis of the full expert disclosure requirements stated in Rule 26(a).

Cook v. Rockwell Int'l Corp., 2006 WL 3533049 *87 (D. Colo. Dec. 7, 2006) (citations omitted). Permitting late supplementation of expert reports has the effect of denying the opposing party the opportunity to file a meaningful Daubert motion as to questionable expert testimony. See Miller ex rel. S.M. v. Bd. of Educ. of Albuquerque Public Schools, 455 F. Supp. 2d 1286, 1299 (D.N.M. 2006). Plaintiffs can not reasonably claim that Dr. Brown's new affidavit is a supplement simply because plaintiffs asked him to expand the scope of his expert testimony. Dr. Brown could have performed the same modeling in a timely fashion and, if he were going to perform site specific modeling, plaintiffs should have disclosed his modeling report within the deadlines for expert disclosures.

At the Daubert hearing, plaintiffs argued that the new affidavit was necessary because plaintiffs' counsel was unaware of air modeling performed by defendants' environmental fate and transport expert, Gale F. Hoffnagle.[3] Plaintiffs' counsel carefully avoided suggesting that defense

---

[3] Plaintiffs' counsel assert that they were unaware of any air modeling performed by Hoffnagle until they noticed that Hoffnagle's report was attached as an exhibit to defendant The Doe Run Resources' ("Doe Run") motion for summary judgment. See Dkt. # 529, Ex. 31.

7

counsel intentionally withheld evidence, but instead stated that they did not "remember" receiving a copy of Hoffnagle's December 8, 2004 expert report. Defendants have filed a pleading, as requested by the Court, to address plaintiffs' allegations. Defense counsel has produced two letters showing that Hoffnagle's report and all supplemental materials were mailed to Charles Speer. See Dkt. # 650, Exs. A, C. Defendants also received a letter from plaintiffs' counsel, specifically Tammy R. Dodson, confirming receipt of Hoffnagle's report and all supplemental materials. Id., Ex. E. The Court finds that plaintiffs received a copy of Hoffnagle's report in December 2004.[4] Thus, alleged non-disclosure of the Hoffnagle report is not a basis to excuse Dr. Brown's late submission of new opinions and testing.

Under the four factors of Woodworker's Supply, plaintiffs' late disclosure of Dr. Brown's new affidavit is not harmless or substantially justified. First, the Court has already noted that defendants will be prejudiced if plaintiffs are permitted to use Dr. Brown's new affidavit because of the short time frame to prepare for trial and the difficulty in obtaining rebuttal expert testimony. The second and third factors are closely related, because the only way to cure the resulting prejudice would be to delay the trial date. Neither party has shown any interest in delaying the trial date, and the Court is not inclined to delay a case almost four years old. Finally, there is no direct evidence of bad faith, nor will the Court infer that plaintiffs acted in bad faith. However, balancing these factors, the Court finds that allowing Dr. Brown to opine as to matters in his new affidavit would significantly prejudice defendants, and the late disclosure of this affidavit is not harmless under Fed.

---

[4] The Court has reviewed the docket sheet, and has determined that Hoffnagle's expert report was attached to a response filed by defendants on August 22, 2005. Dkt. # 380, Ex. B. The evidence shows that defense counsel timely produced a copy of Hoffnagle's report and, even if plaintiffs' counsel does not "remember" receiving the report, the document was unquestionably in plaintiffs' possession when they received the August 2005 response.

R. Civ. P. 37(c)(1). Therefore, Dr. Brown will not testify to matters in his new affidavit, and the Court will not consider the affidavit when ruling on defendants' <u>Daubert</u> motion to exclude the testimony of Dr. Brown.

### III.

Defendants also object to plaintiffs' use of Dr. Brown's rebuttal report from <u>Cole</u>, because plaintiffs failed to disclose their intention to use that report in this case and have not sought leave of court to serve the rebuttal report on defendants. Plaintiffs respond that they included the rebuttal report as part of the "supplemental materials" for which they previously sought admission, and they claim that magistrate judge has already granted them permission to use the rebuttal report in this case. At the <u>Daubert</u> hearing, the Court informed the parties that it would strictly construe their pleadings and the order of the magistrate judge to determine if the rebuttal report may be used in this case.

Based on a plain reading of the motions filed by plaintiffs and the magistrate judge's order authorizing plaintiff to use Dr. Brown's May 27, 2005 affidavit, it is clear that plaintiffs did not request permission to use Dr. Brown's <u>Cole</u> rebuttal report in this case. In plaintiffs' opposed motion to serve the affidavit and supplemental materials (Dkt. # 375), plaintiffs repeatedly referenced the affidavit and a supplemental table as the subjects of the motion. <u>Id</u>. at 2, 5. Plaintiffs claim that they clearly included the rebuttal report, because it was mentioned in paragraph 3 of the motion. However, paragraph 3 is included in plaintiffs' recitation of facts, and many expert reports, including defendants' expert reports, are mentioned in the motion. Plaintiffs explicitly requested leave to use the May 27, 2005 affidavit and "a table demonstrating the residential exposure history of the child Plaintiffs in this litigation." <u>Id</u>. at 2-3. Plaintiffs' reply specifically requests leave of

9

court "to serve Dr. Brown's Affidavit and accompanying Table," but no mention is made of the Cole rebuttal report. Dkt. # 385, at 7. The magistrate judge's order simply gave plaintiffs permission to serve the "Affidavit and supplemental materials." Dkt. # 432.

Plaintiffs argue that their motion (Dkt. # 375) specifically referred to the rebuttal report, and they have not disclaimed any intention to use the rebuttal report in this case. The Court has reviewed plaintiffs' motion and reply, and has not found any indication that plaintiffs clearly requested leave to use Dr. Brown's rebuttal report in this case. Although plaintiffs referenced the rebuttal report as part of the procedural history, plaintiffs did not clearly list the rebuttal report when requesting relief. When responding to plaintiffs' motion, defendants stated that Dr. Brown's Cole rebuttal report was not part of the record in this case, and plaintiffs did not address this statement in their reply. The Court finds that the magistrate judge could not reasonably have construed plaintiffs' motion (Dkt. # 375) as a request to serve Dr. Brown's Cole rebuttal report on defendants in this case, nor is there any indication that plaintiffs put defendants on notice that they intended to use Dr. Brown's Cole rebuttal report in this case.

In the event this Court finds that Dr. Brown's Cole rebuttal report had not previously been adopted in this case, plaintiffs request leave of court to supplement Dr. Brown's opinions with the rebuttal report. See Dkt. # 573, at 5-6. This request is governed by Fed. R. Civ. P. 26(a) and Fed. R. Civ. P. 37(c)(1), and the Court will apply the standard discussed above. See supra at 5-6. Dr. Brown's Cole rebuttal report must be excluded unless the late disclosure of his rebuttal report is harmless. Fed. R. Civ. P. 37(c)(1); Jacobsen v. Deseret Book Co., 287 F.3d 936, 952 (10th Cir. 2002). Under the four factors of Woodworker's Supply, the Court finds that plaintiffs' violation of Fed. R. Civ. P. 26(a)(2) is not harmless, and Dr. Brown's Cole rebuttal report should be excluded.

First, defendants will be prejudiced by plaintiffs' late disclosure of their intention to use the rebuttal report, as trial is less than a month away and plaintiffs had not previously given any indication of the intention to use the rebuttal report in this case. Although plaintiffs argue they had not disclaimed use of the rebuttal report,[5] that does not mean that defendants should have been on notice that an expert report from a different case would be used to support Dr. Brown's testimony. Second, it will be difficult to cure this prejudice given the short time remaining before trial. Third, defendants would suffer some disruption in their trial preparation if plaintiffs are permitted to use the rebuttal report in this case. Defendants have seen the rebuttal report in the context of the Cole litigation, but the rebuttal report is extensive and it provides a significant amount of material that defendants would have to consider when preparing their cross-examination of Dr. Brown. Finally, the Court does not find any evidence of bad faith. However, non-compliance with Rule 26 should not be excused simply because there is no evidence of bad faith. Jacobsen, 287 F.3d at 954.

Balancing these factors, the Court finds that plaintiffs should be prohibited from using Dr. Brown's Cole rebuttal report for any purpose in this case. Plaintiffs' last-minute disclosure of their intention to use the rebuttal report will prejudice defendants at trial. In fact, plaintiffs' actions have already prejudiced defendants, because defendants were not on notice that the rebuttal report should have been addressed in their Daubert motion to exclude Dr. Brown. Plaintiffs have not shown that their violation of Fed. R. Civ. P. 26(a)(2) was harmless, and the rebuttal report should be excluded.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Strike New Affidavits of Drs. Wayne Snodgrass and Kirk Brown and Brief in Support Thereof (Dkt. # 626) is **granted**.

---

[5] This Court is unaware of any Rule 26(a) standard based on "disclaimer" of an expert report from a different case.

11

**IT IS FURTHER ORDERED** that plaintiffs are prohibited from using Dr. Brown's October 28, 2004 rebuttal report from the Cole case for any purpose in this case.

**DATED** this 3rd day of August, 2007.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT